UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KINSHAWDA ROCHESTER,

    Plaintiff,

    v.                                               Case No.3:10-cv-1138-J-12JBT

NORTHEAST FLORIDA STATE HOSPITAL,

    Defendant.

## ORDER

This cause is before the Court on Defendant's Motion for Summary Judgment (Doc. 35), filed February 24, 2012, with some exhibits attached, along with numerous other supporting exhibits (Docs. 28-34, 36-37 and 39) filed separately. On March 12, 2012, Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 40) was filed with numerous exhibits attached. On May 31, 2012, the Court conducted a hearing on the motion. For the reasons set forth below, the Court will deny Defendant's motion for summary judgment.

### Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to

dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether the movant is entitled to summary judgment, the Court must view all the evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, and must resolve all reasonable doubts in favor of the non-movant. See, e.g., Rioux v. City of Atlanta, Georgia, 520 F.3d 1269, 1274 (11th Cir. 2008)(citations omitted).

**Facts and Analysis**

Plaintiff's five-count Complaint asserts federal and state civil rights causes of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-760.11, and the Florida Religious Freedom Restoration Act of 1998, Fla. Stat. §§ 761.01-761.05. See Plaintiff's Complaint and Demand for Jury Trial, Doc. 1. Plaintiff's Complaint is based upon allegations that Defendant failed to accommodate her request not to be scheduled to work during her Sabbath from sunset on Fridays through sunset on Saturdays due to her sincere religious beliefs as a practicing member of the Seventh-day Adventist Church. See id. She also alleges that Defendant retaliated against her by creating a hostile working environment when it allowed other employees to mock her religious beliefs, reprimanded her for following her religious beliefs, and terminated her employment on the basis of her repeated requests for reasonable religious accommodation as well as because she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See id. See generally Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60 (1986); Beadle v. Hillsborough County Sheriff's Dept., 29 F.3d 589 (11th Cir. 1994); Warner v. City of Boca

Raton, 887 So.2d 1023, 1027-34 (Fla. 2004).

Defendant seeks summary judgment as to all of Plaintiff's claims. Defendant maintains that it offered Plaintiff a reasonable accommodation for her religious beliefs and/or that to do so would have created an undue hardship, and that her employment was terminated for the legitimate business reasons of excessive absenteeism and poor work performance unrelated to her request for religious accommodation or Sabbath absences. Defendant also asserts that it did not place a substantial burden on the exercise of Plaintiff's religious beliefs and/or that it had a compelling governmental interest in doing so.

The Court finds that there are disputed issues of fact with regard to all the issues upon which Defendant relies in seeking summary judgment: whether Defendant legitimately attempted to accommodate Plaintiff's religious beliefs, whether Defendant placed a substantial burden on Plaintiff's exercise of religious freedom, whether to accommodate her religious beliefs would have created an undue hardship or whether Defendant had a compelling interest to do so, and whether Defendant retaliated against her by terminating her employment because she had requested a religious accommodation and complained about not receiving one, including by filing a charge with the EEOC. The parties' memoranda of law contain detailed citations to the record in support of their respective positions regarding the facts in this case, so the Court will describe generally the nature of the disputed issues of material fact that preclude summary judgment.

The record reveals disputed issues of fact about whether Defendant's offers of accommodation were sincere or legitimate such that it did not place a substantial burden on her exercise of religious freedom. Defendant claims it offered to allow her, and at all relevant times Plaintiff had the ability, to switch her scheduled Friday evening shifts with

3

another employee who was scheduled to work those Friday evening shifts, and that it authorized her to have access to scheduling data that would facilitate her ability to find another employee to switch with her. Defendant also asserts that Plaintiff misunderstood the nature of the proposed accommodation and believed she could have her scheduled Friday evening shifts off if another employee simply covered her shift, which would have caused another employee to incur unnecessary overtime. Plaintiff denies that she was ever given access to such scheduling data, states that her request to switch her scheduled Friday evening shifts with another employee's scheduled Sunday shifts was denied, and that other employees were discouraged or not permitted to switch days off with her. As a result, the testimony and other evidence in the record reveals disputed issues of fact as to these matters.

Defendant also presents evidence that it attempted to accommodate Plaintiff's religious beliefs during a trial period of several weeks where she was scheduled to have every Friday evening shift off, but that accommodation was not workable, that is, created an undue hardship or provided the basis for its compelling governmental interest, due to the extra amount of overtime and other scheduling problems that it generated. Defendant did establish, and Plaintiff has not contested, that scheduling is an important aspect of running a hospital that is charged with caring for hundreds of mentally ill patients 24 hours a day 365 days a year, because Florida law requires minimum numbers of care givers per so many patients. But the record evidence is unclear as to how giving Plaintiff a specific shift off within the scheduling matrix used directly resulted in extra overtime or other scheduling issues that might not have occurred otherwise. In any event, whether that particular accommodation created a hardship, or not, does not eliminate the issue of

4

whether Defendant's offer to allow Plaintiff to switch her scheduled Friday evening shifts with another employee who had that shift off was unworkable or would have created a hardship undermining Defendant's compelling governmental interest.

Finally, the timing of various disciplinary measures taken against Plaintiff and the termination of Plaintiff's employment in relation to the filing of her charge with the EEOC, particularly in light of various alleged oral and written statements made by some of Defendant's employees who played a part in the termination decision, raise a question of fact about whether excessive absenteeism and poor work performance were in fact the motivation for termination of her employment. The record does establish that Plaintiff was absent from work for numerous days each month that she was employed. Nevertheless, some of those absences were approved by Defendant, others were Friday evening shifts when she was scheduled to work during her Sabbath, and others she claims were related to the stress she was experiencing attempting to work out the religious accommodation and meeting with resistance from Defendant. Plaintiff has identified portions of the record that suggest Defendant did not undertake disciplinary measures against Plaintiff, or properly document them, until after she had persisted in her attempts to secure a religious accommodation, including filing a charge of religious discrimination with the EEOC. So, material issues of fact remain concerning the motivation for termination of Plaintiff's employment.

For the reasons set forth above, the Court finds that genuine issues of material fact exist regarding all of the key issues in this case, and so summary judgment is not appropriate. Therefore Defendant's Motion for Summary Judgment (Doc. 35) must be denied.

This case is now ready to be scheduled for a final pretrial conference and trial. As indicated at the hearing on Defendant's Motion for Summary Judgment, the Court will reassign this case to an active judge's docket for all further proceedings. However, before doing so, the Court will give the parties an opportunity to continue any settlement discussions in order to attempt to resolve the case before it is reassigned and further proceedings are scheduled before an active judge.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1) That Defendant's Motion for Summary Judgment (Doc. 35) is denied; and

2) That the parties shall have until August 6, 2012, to confer and determine whether further settlement discussions would be beneficial before the case is reassigned to an active judge's docket for all further proceedings, and to file a notice advising the Court whether settlement discussions are proceeding, or whether the case is ready to be reassigned for all further proceedings including a final pretrial conference and trial.

**DONE AND ORDERED** this ___5th___ day of __July__ 2012.

*Howell W. Melton*
**SENIOR UNITED STATES DISTRICT JUDGE**

c: Counsel of Record